CHRISTIAN, J„
delivered the opinion of the court.
The defendant in error was convicted upon an indictment for assault and battery in the county court of Scott county. He was fined one dollar, and judgment for said fine and the costs of jirosecution was entered up against him. Before any execution or other process was issued on the judgment he paid the sum of *one dollar to the clerk of the court which sum he directed to be applied to the payment of the fine. Execution was afterwards issued for the fine, and costs amounting to the sum of nineteen dollars and eighty-seven cents. This execution was returned “no property found” and thereupon a capias pro fine was issued for the fine and costs, ascertained by the judgment. Under this capias the defendant was arrested and committed to jail. He then filed his petition for a writ of habeas ■ corpus before Hon. H. S. K. Morrison, judge' of the county court of Scott county. The writ was awarded, and upon the hearing of the case the defendant in error was discharged from custody. To this judgment of the county court discharging the defendant in error, the Commonwealth’s attorney of Scott county applied for a writ of error* which was awarded by the circuit court of Scott county.
The case being heard in the circuit court, the judgment of the county court was affirmed.
To this judgment a writ of error was awarded by this court.
The court is of opinion that the iudgment of the circuit court affirming the judgment of the county court is erroneous.
The capias pro fine in this case was issued for the fine and costs. The costs are a necessary incident to the fine, and are as much a part of the judgment of the court, as the fine. They cannot be separated. And where a capias pro fine is issued, as in this case, for the fine and costs adjudged against the accused, and he is taken under that process, there is no means by which he can discharge himself except by paying both fine and costs. He must discharge himself by paying the whole judgment; of which the amount adjudged against him as costs, is as much a part of the judgment as *tlie fine assessed against him. See Webster’s case. 8 Gratt. 702.
The court is therefore of opinion that the judgment of the circuit court affirming the judgment of the county court discharging the defendant from custody, is erroneous, and that the same be reversed.
The judgment was as follows:
The court is of opinion, for reasons stated' in writing and filed with the record, that the judgment of the circuit court of Scott county affirming the judgment of the county court of said county, discharging the defendant in error from custody is erroneous. It is therefore adjudged and ordered that the said judgment be reversed and annulled, and the Commonwealth (the plaintiff in error) recover against the defendant in error her costs by her expended in the prosecution of her writ of error here. And this court now proceeding to render such judgment as the said circuit court ought to have rendered, it is adjudged and ordered that the said judgment of the said county court be reversed and annulled, and that the case be remanded to said county court, for further proceedings to be had therein in conformity with the opinion of this court. And it is further adjudged and ordered that the plaintiff in error (The Commonwealth) recover against the defendant in error her costs by her expended in the prosecution of her writ of error in said circuit court. All of which is ordered to be certified to the said circuit court of Scott county.
Judgment reversed.